J-S41031-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LISA MARIE KRUSKIE, :
:
Appellant : No. 1613 MDA 2019

Appeal from the Judgment of Sentence Entered September 27, 2019
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000477-2018

BEFORE: KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 8, 2021**

Lisa Marie Kruskie appeals from the judgment of sentence imposed following her conviction for terroristic threats.[1] This case returns to us following remand, where the trial court accepted Kruskie's Pa.R.A.P. 1925(b) concise statement *nunc pro tunc* and authored an opinion pursuant to Pa.R.A.P. 1925(a). We affirm.

The case stems from a November 8, 2018 incident between Kruskie, Rosemary Fallon, and Rebekah Bohner. At the time of the incident, the three were neighbors in an apartment building in Selinsgrove. Prior to the incident, Fallon had made several complaints to the police about noise

_____

[1] 18 Pa.C.S.A. § 2706(a)(1).

*Retired Senior Judge assigned to the Superior Court.

coming from Kruskie's apartment. Kruskie lived in the apartment directly above Fallon. N.T., 8/28/19, at 49-52.

Kruskie's jury trial began August 28, 2019. Bohner testified that, around 5:15 p.m., on November 8, 2018, she arrived home from work and saw a situation developing outside the building between Kruskie and Fallon. Bohner was worried Kruskie might hurt Fallon because of the noise complaints, so Bohner stayed in the doorway of her apartment to watch the unfolding situation. As Fallon walked toward her apartment, Kruskie proceeded down the stairs and "shove[d] her left shoulder into [Fallon's] left shoulder." N.T., 8/28/19, at 34. Bohner heard Kruskie use "foul language" including the "F word" and tell Fallon that if Fallon got on the stand Kruskie "will shoot her." *Id.* From Bohner's perspective, Kruskie initiated the encounter and Fallon seemed shocked and afraid. Kruskie's threat and the preceding shove scared Bohner. She called 911 because the situation was "serious." *Id.*

Fallon's testimony regarding the incident was similar. According to Fallon, after Kruskie "bumped into [her] arm," Kruskie shut the door to Fallon's apartment to prevent Fallon from entering and said, "No, my steps."[2] *Id.* at 56-57. Kruskie then said, "if you get on that stand … and lie I will F-ing kill you." *Id.* at 55-56. Kruskie's statement made Fallon feel

---

[2] Fallon did not elaborate and was not asked to explain this comment further.

"horrible" and afraid of Kruskie. *Id.* at 55. The Commonwealth also presented the testimony of Officer Adam Romig, who responded to the 911 call and obtained statements from Bohner and Fallon.

Kruskie testified in her own defense. Kruskie accused Fallon and Bohner of making up their testimony because they wanted her out of the apartment building. She claimed Bohner did not see or hear the encounter because she was already in her apartment. *Id.* at 88. According to Kruskie, Fallon threw her body into Kruskie and said, "nobody wants you here." *Id.* Kruskie testified that she did not own a gun and did not have a gun on her that day. *Id.*

After hearing the above testimony, the jury found Kruskie not guilty of intimidation of a witness or victim, not guilty of stalking, but guilty of terroristic threats. On September 27, 2019, the trial court sentenced Kruskie to 30 days to 12 months of incarceration followed by four years of probation.

Kruskie timely filed a timely appeal, in which she raises one issue: "[w]hether the evidence was insufficient to sustain a conviction for terroristic threats[.]" Kruskie's Brief at 8. As mentioned above, this Court remanded the case to address deficiencies with Pa.R.A.P. 1925. *Commonwealth v. Kruskie*, 248 A.3d 491 (Pa. Super. 2021) (non-precedential decision). On remand, the trial court accepted Kruskie's concise statement *nunc pro tunc*

and issued an opinion pursuant to Pa.R.A.P. 1925. This matter is now ripe for our review.

Kruskie argues the Commonwealth failed to present sufficient evidence of a statement constituting a threat, or alternatively, that the threat demonstrated an intent to commit a crime of violence. She denies making the statement, but claims even if she did, the statement was a "spur of the moment statement that lacked the intent to terrorize." Kruskie's Brief at 10-11. Kruskie emphasizes that the alleged statement was made during a heated dispute between neighbors, she never threatened Fallon before, and she does not own a firearm. *Id.*

When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." *Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Vargas*, 108 A.3d 858, 867 (Pa.

Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id.*** A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo,* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017).

To convict Kruskie of terroristic threats, the Commonwealth had to establish that she made: (1) a threat to commit a crime of violence; and (2) that the threat was communicated with the intent to terrorize. 18 Pa.C.S.A. § 2706(a)(1); ***Commonwealth v. Walls***, 144 A.3d 926, 936 (Pa. Super. 2016). "The purpose of section 2706 is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." ***Id.*** (citing 18 Pa.C.S.A. § 2706 cmt.). The key inquiry is whether the totality of the circumstances establishes the required *mens rea*, not whether the statements were made in the context of a heated discussion. ***Id.*** A person can be angry and still form the intent to terrorize. ***Id.***

The trial court offered the following analysis of the sufficiency of the evidence.

> The Commonwealth presented the testimony of two individuals who witnessed [Kruskie] threatening to shoot or kill [Fallon]. The witnesses testified that [Kruskie] made this threat directly to the victim.

The jury obviously believed the testimony of these two witnesses and clearly, the evidence supports the jury's verdict.

Trial Court Opinion, 3/16/2021, at 3-4.

We agree with the trial court's analysis. The jury was faced with two competing narratives: on one hand, the jury heard the testimony of Fallon as the victim and Bohner as the eyewitness, and on the other hand, it heard Kruskie's denials. The jury was entitled to believe Fallon and Bohner over Kruskie. On a sufficiency review, this Court cannot re-weigh the evidence and invade the jury's credibility determinations. **See Brown**, 52 A.3d at 323; **Vargas**, 108 A.3d at 867. Accordingly, we conclude that the Commonwealth established that Kruskie threatened Fallon.

The Commonwealth also established Kruskie's intent to terrorize. Although Kruskie tries to characterize the statement as one stemming from anger during a heated exchange, Fallon and Bohner's testimony established that there was no mutual exchange. Immediately preceding the statement, Kruskie deliberately approached Fallon, made bodily contact with her, and prevented Fallon from entering her own apartment. From that, the jury was entitled to conclude Kruskie intended to terrorize Fallon when she threatened to kill her. Kruskie's lack of a weapon is not dispositive. **See Commonwealth v. Richard**, 150 A.3d 504, 514 (Pa. Super. 2016) ("Neither the ability to carry out the threat, nor a belief by the person

threatened that the threat will be carried out, is an element of the offense.").

Accordingly, viewing the evidence in the light most favorable to the Commonwealth, we conclude there was sufficient evidence to convict Kruskie of terroristic threats. ***Thomas***, ***supra***. We therefore affirm Kruskie's judgment of sentence.

Judgment of sentence affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2021